UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SEUNGJAE SEONG, individually and on behalf of all others similarly situated,

                                Plaintiffs,

        v.

UNLOCK PARTNERSHIP SOLUTIONS INC., a Delaware corporation,

                                Defendant.

No.

**NOTICE OF REMOVAL**
(King County Superior Court Case No. 26-2-04910-6)

TO:         Clerk, United States District Court for the Western District of Washington;

AND TO:     Counsel for Plaintiff Seungjae Seong

        Defendant Unlock Partnership Solutions Inc. ("Unlock") removes this case, originally filed as Case No. 26-2-04910-6 in the Superior Court of Washington for King County, to the United States District Court for the Western District of Washington.  Unlock removes the case under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, on the grounds set forth below.

        Nothing in this Notice of Removal is a waiver or relinquishment of Unlock's right to assert any defense.  Unlock reserves the right to assert all applicable claims and defenses in response to the Complaint, including but not limited to Unlock's right to compel arbitration against Plaintiff.

DEFENDANT'S NOTICE OF REMOVAL - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

**REMOVAL IS TIMELY**

1.      On February 5, 2026, Plaintiff Seungjae Seong filed his Complaint in King County Superior Court and served Unlock with the Complaint on February 24, 2026.  The Complaint along with its attachments are attached as **Exhibit A**.

2.      Removal is timely because it is within 30 days of service.  *See* 28 U.S.C. § 1446(b).

3.      Because Unlock is the only defendant in this case, no consent from any other defendant is necessary for removal.  28 U.S.C. § 1446(b)(2).

**THE COURT HAS ORIGINAL JURISDICTION**

4.      Unlock removes this action because two separate bases supply the Court with original jurisdiction.[1]

5.      *First*, there is diversity jurisdiction.  Plaintiff is a citizen of North Carolina.  Compl. ¶ 3.1.  Defendant Unlock is a Delaware corporation, *id.* ¶ 3.2, with its principal place of business in Arizona.  There is thus complete diversity between Plaintiff and Unlock.  Plaintiff's prayer for relief seeks, among other things, recission of the parties' Forward Sale and Exchange Agreement under which Unlock made an investment payment of $190,509.  Compl. ¶¶ 4.60, 6.63, Prayer for Relief ¶ C.  Plaintiff also seeks additional relief, such as actual damages, treble damages, and attorney's fees and costs.  *Id.* Prayer for Relief ¶¶ D–E, G.  As a result, the amount in controversy exceeds $75,000, and the requirements of 28 U.S.C. § 1332(a) are thus met.

6.      *Second*, there is jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  Plaintiff purports to seek relief on behalf "all persons who have entered into an Exchange Agreement with Unlock on a property located in Washington," and Plaintiff alleges "approximately 187 deeds of trust recorded in favor of Unlock in King County alone." Compl. ¶¶ 5.1, 5.3.  Plaintiff alleges that Unlock initially offered him an investment payment of

---

[1] Because Plaintiff relies on a definition of "residential mortgage loan" that incorporates by reference definitions in the Truth in Lending Act, *see* Compl. ¶ 6.5, the asserted claims may turn on interpretation of federal law thereby raising a third, independent basis for original jurisdiction under 28 U.S.C. § 1331.

DEFENDANT'S NOTICE OF REMOVAL - 2

$100,000. *Id.* ¶ 56. Even if all of the 187 deeds of trust identified by Plaintiff were worth only half that amount, the aggregate value of the deeds of trust would still exceed $5 million. *See Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (stating that when calculating the amount in controversy, a removing defendant may rely on a chain of reasoning which includes reasonable assumptions based on the complaint's allegations). Unlock has contracts in Washington that, if settled in accordance with its terms, would result in total payments in excess of $5 million. As a result, Unlock also removes this action under CAFA, 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453, on the basis that (a) this is a putative class action under 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Unlock; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

## UNLOCK HAS SATISFIED ALL PROCEDURAL REQUIREMENTS

7. King County Superior Court lies within the Western District of Washington. 28 U.S.C. § 128. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a). The Seattle Division is the proper division for this matter, as it is being removed from King County. *See* LCR 3(e)(1).

8. In accordance with LCR 101(b), Unlock has filed contemporaneously with this Notice of Removal a copy of the Complaint, which is separately attached as **Exhibit A**. Unlock has also filed a completed Civil Cover Sheet, which the Court's ECF system will automatically append to this Notice of Removal in ECF.

9. In compliance with 28 U.S.C. § 1446(a) and LCR 101(b)(5), Unlock will separately file a Verification of State Court Records and Proceedings, enclosing copies of all documents filed in the state case, including all process, pleadings, and orders served on Unlock.

10. As required by 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiff. A certificate of service which lists Plaintiff's counsel, with their contact information, including email addresses, is appended to the end of this Notice of Removal. Unlock is filing a copy of this Notice of

DEFENDANT'S NOTICE OF REMOVAL - 3

Removal promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d).

11.    The removal of this action terminates all proceedings in the Superior Court. *See* 28 U.S.C. § 1446(d).

Unlock respectfully gives notice that the above-captioned action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.

DATED this 25th day of March, 2026.

DAVIS WRIGHT TREMAINE LLP

By *s/ Fred B. Burnside*
   Fred B. Burnside, WSBA #32491

By *s/ Xiang Li*
   Xiang Li, WSBA #52306

By *s/ Alec Zatirka*
   Alec Zatirka, WSBA #63873

   920 Fifth Avenue,  Suite 3300
   Seattle, WA 98104-1610
   Tel: 206.622-3150
   fredburnside@dwt.com
   xiangli@dwt.com
   aleczatirka@dwt.com

***Attorneys for Defendant***
***Unlock Partnership Solutions Inc.***

DEFENDANT'S NOTICE OF REMOVAL - 4

## <u>CERTIFICATE OF SERVICE</u>

On March 25, 2026, I served a copy of the foregoing document on all counsel of record in the manner indicated:

*Attorneys for Plaintiffs*

| | |
|---|---|
| **TERRELL MARSHALL LAW GROUP PLLC**<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103<br>206.816.6603 (Tel)<br>Beth E. Terrell, WSBA #26759<br>bterrell@terrellmarshall.com<br>Blythe H. Chandler, WSBA #43387<br>bchandler@terrellmarshall.com<br>Elizabeth A. Adams, WSBA #49175<br>eadams@terrellmarshall.com<br>Eleanor Eagan, WSBA #64463<br>bchandler@terrellmarshall.com | ☐ Messenger<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Fax<br>☒ EMAIL |
| **CASCADE LAW PLLC**<br>2707 Colby Avenue, Suite 1420<br>Everett, Washington 98201<br>425.998.8999 (tel)<br>Umar I. Gebril, WSBA #58227<br>umar@cascade.law | ☐ Messenger<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Fax<br>☒ EMAIL |
| **GUPTA WESSLER PLLC**<br>2001 K Street NW, Suite 850 North<br>Washington, DC 20006<br>202.888.1741 (Tel)<br>Thomas Scott-Railton, *PHV forthcoming*<br>thomas@guptawessler.com | ☐ Messenger<br>☐ U.S. Mail, postage prepaid<br>☐ Federal Express<br>☐ Fax<br>☒ EMAIL |

Executed March 25th, 2026, at Seattle, Washington.

*s/ Fred B. Burnside*
Fred B. Burnside, WSBA #32491

DEFENDANT'S NOTICE OF REMOVAL - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax