THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEUNGJAE SEONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNLOCK PARTNERSHIP SOLUTIONS INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:26-cv-01023-JLR<br><br>**MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION UNDER 28 U.S.C. § 1292(b)**<br><br>**<u>NOTE ON MOTION CALENDAR</u>: September 10, 2026**<br><br>**ORAL ARGUMENT REQUESTED** |



**GUPTA WESSLER LLP**
**1400 16th St. NW**
**Suite 225**
**Washington, DC 20036**

## TABLE OF CONTENTS

Introduction .......... 1

Legal Standard .......... 1

Argument .......... 2

I. Under Supreme Court and Ninth Circuit precedent, courts must address specific challenges to a delegation clause before compelling arbitration. .......... 2

II. Mr. Seong expressly and specifically challenged the delegation clause. .......... 3

III. The August 27 order did not address those specific challenges, warranting reconsideration. .......... 4

IV. Alternatively, certification under 28 U.S.C. § 1292(b) is warranted. .......... 5

Conclusion .......... 7



GUPTA WESSLER LLP
1400 16th St. NW
Suite 225
Washington, DC 20036

## INTRODUCTION

Supreme Court and Ninth Circuit precedent are clear that even when an arbitration agreement contains a delegation provision, "if a party specifically challenges the delegation provision" then "the federal court must consider the challenge before ordering compliance with it." *Bielski v. Coinbase*, 87 F.4th 1003, 1009 (9th Cir. 2023); *see, e.g.*, *Coinbase v. Suski*, 602 U.S. 143, 151 (2024).[1] This Court's August 27 order held that the contract between the plaintiff Mr. Seong and the defendant Unlock contained a delegation clause. However, the order did not address Mr. Seong's express, specific challenges to the validity of the delegation clause. Because binding precedent required this Court to address those challenges, this was manifest error, and reconsideration is warranted. Mr. Seong respectfully requests that this Court modify its order to address these challenges and, because those challenges succeed, deny Unlock's motion to compel arbitration. If this Court does not grant reconsideration and deny Unlock's motion, Mr. Seong requests certification of an interlocutory appeal under 28 U.S.C. § 1292(b).

## LEGAL STANDARD

A motion for reconsideration must "point out with specificity the matters which the movant believes were overlooked or misapprehended by the court." W.D. Wash. Local Rule 7(h)(2). "[C]ourts in this District grant … motions [for reconsideration] upon a showing of manifest error in the prior ruling." *Gull Indus. v. Granite State Ins. Co.*, No. 2:25-cv-1923 (JLR), 2026 WL 984193, at *1 (W.D. Wash. 2026). This includes when a prior decision was inconsistent with or failed to consider relevant precedent. *See, e.g.*, *Boone v. Allaben*, No. 2:21-cv-1562 (JLR), 2022 WL 1213262, at *2 (W.D. Wash. 2022). Courts also grant reconsideration where a court failed to adjudicate a key issue. *See, e.g.*, *Tucker v. Brit. Airways PLC*, 2017 WL 6389302, at *1 (W.D. Wash. 2017).

---

[1] Unless otherwise noted, all quotation marks, citations, and alterations have been omitted.



**GUPTA WESSLER LLP**
**1400 16th St. NW**
**Suite 225**
**Washington, DC 20036**

## ARGUMENT

### I. Under Supreme Court and Ninth Circuit precedent, courts must address specific challenges to a delegation clause before compelling arbitration.

The Supreme Court and the Ninth Circuit have both held that when an arbitration agreement contains a delegation clause, a court *must* address specific challenges to the validity and enforceability of that clause before compelling arbitration pursuant to that clause. This follows from "the fundamental principle that arbitration is a matter of contract." *Coinbase*, 602 U.S. at 147.

The Federal Arbitration Act defines an arbitration agreement as "[a] written provision … to settle by arbitration a controversy thereafter arising out of [certain forms of] contract[s]." 9 U.S.C. § 2. Parties can "agree to send the merits of a dispute to an arbitrator." *Coinbase*, 602 U.S. at 148. They can also agree to send to an arbitrator disputes about "arbitrability," *id.* at 148-49—that is, "dispute[s] relating to the enforceability" of the broader agreement to arbitrate the merits, *Rent-A-Ctr. v. Jackson*, 561 U.S. 63, 71 (2010). An agreement to arbitrate arbitrability disputes is called a "delegation clause." *Id.* at 73.

A delegation clause is just another arbitration agreement: It is a "written provision to settle by arbitration a controversy." *Id.* at 71 (quoting 9 U.S.C. § 2). It's just that the "controversy" is a "dispute relating to the enforceability" of the broader arbitration agreement. *Id.* And because a delegation clause is "simply an additional, antecedent agreement" to arbitrate, it is subject to the same rules as "any other" arbitration agreement. *Coinbase*, 602 U.S. at 148.

That includes the fundamental principle that "[a]rbitration *and* delegation agreements are simply contracts, and, normally, if a party says that a contract is invalid, the court *must* address that argument before deciding the merits of the contract dispute." *Coinbase*, 602 U.S. at 151 (emphases added). Thus, a court may not compel arbitration until it has determined that the "precise agreement to arbitrate" a defendant seeks to enforce is "valid[]." *Id.* at 151. So if the "precise agreement to arbitrate" the defendant seeks to enforce is a delegation clause, *Coinbase* holds that "the federal court *must* consider the challenge [to the delegation clause] before ordering compliance with that agreement." *Id.* (emphasis added). The Ninth Circuit has reiterated this: "[I]f a party specifically challenges the delegation provision" then "the federal court must consider the challenge



GUPTA WESSLER LLP
1400 16th St. NW
Suite 225
Washington, DC 20036

before ordering compliance with it." *Bielski*, 87 F.4th at 1009; *Avery v. TEKsystems*, 165 F.4th 1219, 1233 (9th Cir. 2026).

An arbitration or delegation clause may be challenged for a number of reasons, including that it is unconscionable or that another federal statute or rule precludes enforcement of the provision. *See, e.g.*, *Avery*, 165 F.4th at 1233; *Revell v. Grant Money, LLC*, 808 F. Supp. 3d 1036, 1047 (N.D. Cal. 2025) ("Like any statutory directive, the [Federal] Arbitration Act's mandate may be overridden by a contrary congressional command." (quoting *Shearson/Am. Exp. v. McMahon*, 482 U.S. 220, 226 (1987)). To be sure, any challenge to a delegation provision's enforceability "must specifically reference the delegation provision and make arguments challenging it." *Bielski*, 87 F.4th at 1011. "But this rule does not require that a party challenge *only* the … delegation provision." *Coinbase*, 602 U.S. at 151. And "[i]n deciding whether a delegation clause is unenforceable, [a court's] analysis is not limited to the bare text of the clause." *Heckman v. Live Nation Ent.*, 120 F.4th 670, 680 (9th Cir. 2024). If a specific challenge is raised, the court "must address" it. *Coinbase*, 602 U.S. at 151.

## II. Mr. Seong expressly and specifically challenged the delegation clause.

Mr. Seong "sufficiently challenge[d] [the] delegation provision" by "specifically referenc[ing] the delegation provision and mak[ing] arguments challenging it." *Bielski*, 87 F.4th at 1011. In his opposition to Unlock's motion to compel arbitration, he explained why precedent requires a court to address validity challenges to delegation provisions. MTC Opp., Dkt.20 at 7-8. And he "expressly challenge[d] that any delegation clause [in Unlock's contract] is itself unenforceable under federal and state law," supported by detailed arguments. *Id.* at 6-7.[2]

*First*, Mr. Seong specifically argued that the delegation provision was invalid and unenforceable under the Truth in Lending Act. *Id.* at 8-10. He explained that TILA prohibits

[2] Mr. Seong preserves his challenge that there was no clear and unambiguous delegation clause, but is not moving for reconsideration of that issue.



GUPTA WESSLER LLP
1400 16th St. NW
Suite 225
Washington, DC 20036

"terms which require arbitration … as the method for resolving *any* controversy … arising out of" a "residential mortgage loan." *Id.* at 8 (quoting 15 U.S.C. § 1639c(e)(1) (emphasis added)). By its plain text, this bars "terms which require arbitration" of a "controversy" over the enforceability of an arbitration agreement in a "residential mortgage loan." *Id.* at 8-9. In other words, it prohibits delegation clauses in residential mortgage loans. Mr. Seong explained why, under TILA's text and caselaw from the Ninth Circuit and beyond, the contract here is a residential mortgage loan, such that its delegation clause is prohibited. *Id.* at 10-19 (citing *Olson v. Unison Agreement Corp.*, 2025 WL 2254522, at *3-5 (9th Cir. 2025)). And he explained this was a specific challenge to the delegation provision that "a court must address" even though TILA also bars the enforcement of the broader arbitration provision. *Id.* at 9 (quoting *Coinbase*, 602 U.S. at 151 (a court "must address [a] challenge" to a delegation clause even if it could "appl[y] equally to the whole contract and to an arbitration … provision" about the merits)).

*Second*, Mr. Seong argued the "delegation clause … is unenforceable under Washington law as matter of lack of assent or procedural unconscionability." *Id.* at 19-20. He also argued that it is "substantively unconscionable," based on specific "harsh, highly one-sided terms that apply to the purported delegation clause." *Id.* at 21-22.

Because Mr. Seong "specifically reference[d] the delegation provision and ma[d]e arguments challenging it," this Court was required to "consider the challenge before ordering compliance with [the delegation clause]." *Bielski*, 87 F.4th at 1009, 1011.

## III. The August 27 order did not address those specific challenges, warranting reconsideration.

Because the August 27 order did not address those specific challenges, reconsideration is warranted. While the order recognized it must determine whether "the agreement contains a *valid* delegation provision" and that "Mr. Seong asserts that … any delegation clause is itself



GUPTA WESSLER LLP
1400 16th St. NW
Suite 225
Washington, DC 20036

unenforceable under federal and state law," Order, Dkt.24 at 8-9 (emphasis added), it never addressed those challenges to the delegation clause's validity. The order did address whether the contract contains a delegation provision. *Id.* at 10-11. However, whether a contract "clearly and unmistakably delegated the question of arbitrability" is different from "the validity of the delegation provision." *Avery*, 165 F.4th at 1233.

The failure to address these arguments was manifest error. It overlooked binding precedent and failed to analyze a necessary issue. *See, e.g.*, *Boone*, 2022 WL 1213262, at *2; *Tucker*, 2017 WL 6389302, at *1. This Court should grant reconsideration, address Mr. Seong's challenges, and deny Unlock's motion to compel arbitration.

## IV. Alternatively, certification under 28 U.S.C. § 1292(b) is warranted.

If the Court does not grant reconsideration and deny Unlock's motion, it should certify an interlocutory appeal. Courts may certify orders compelling arbitration under 28 U.S.C. § 1292(b). *See* 9 U.S.C. § 16(b). Granting Unlock's motion presents at least two questions warranting certification: (1) whether the presence of a delegation clause means that a court can compel arbitration without evaluating a specific challenge to the delegation clause; and (2) whether section 1639c(e)(1) of TILA precludes enforcement of a delegation clause in a residential mortgage loan.

*First*, these are "controlling question[s] of law." 28 U.S.C. § 1292(b). In the arbitration context, "an order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996). Whether precedent requires addressing delegation-clause-validity challenges and whether TILA's prohibition on terms requiring arbitration in residential mortgages encompasses delegation clauses are legal questions that control whether this litigation will be sent to an arbitrator who "has no power to decide" them. *Id.* "[M]ultiple district courts in this Circuit … have grant[ed] interlocutory certification relating to



**GUPTA WESSLER LLP**
**1400 16th St. NW**
**Suite 225**
**Washington, DC 20036**

issues of arbitration," including challenges to delegation clauses, and the Ninth Circuit accepted certification. *Bloom v. ACT*, 2019 WL 13603896, at *11 (C.D. Cal. 2019); *Youssofi v. Credit One Fin.*, 2016 WL 6395086, at *3 (S.D. Cal. 2016).

*Second*, there is "substantial ground for difference of opinion." 28 U.S.C. § 1292(b). If this Court concludes it was not required to address challenges to the delegation clause, there is substantial ground to disagree given the precedent above. *See supra* 2-4. Similarly, whether TILA bars enforcing a delegation clause in a residential mortgage loan is in this circuit a "novel legal issue[] … on which fair-minded jurists might reach contradictory conclusions." *Bloom*, 2019 WL 13603896, at *11. Mr. Seong pressed textual arguments that no court has addressed. MTC Opp., Dkt.20 at 8-9. The two lower court decisions from this circuit Unlock cited—identical decisions issued by the same judge on the same day—did not address these textual arguments. MTC Reply, Dkt.22 at 2. And courts in this circuit have recently addressed challenges to delegation clauses based on statutes prohibiting arbitration agreements. *See, e.g.*, *Moss v. Cleo AI*, 799 F. Supp. 3d 1152, 1158 (W.D. Wash. 2025).

*Third*, interlocutory appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "The Ninth Circuit has previously accepted interlocutory appeals from orders compelling arbitration," as "such appeals do have the potential to materially advance the litigation." *Hoffman v. Citibank*, 2007 WL 5659406, at *4 (C.D. Cal. 2007). That includes delegation, as an appeal now will "sidestep[] [the] needless expense and delay" of sending this case to "a forum that has no power to decide the [delegation issue]," *Bloom*, 2019 WL 13603896, at *11, and "avoid unnecessary arbitration proceedings." *Youssofi*, 2016 WL 6395086, at *4.

That's especially true because this is a putative class action on behalf of well over a hundred Washington homeowners. Compl., Dkt.1-1 ¶¶ 5.2-5.4. Sending all these disputes to arbitration would mean class members could only vindicate their rights through potentially hundreds of



**Gupta Wessler LLP**
**1400 16th St. NW**
**Suite 225**
**Washington, DC 20036**

individual arbitrations over a threshold issue—all before an appeal that could hold the arbitrators were without power to decide this in the first place. *Lee v. Postmates*, 2019 WL 1864442, at *4 (N.D. Cal. 2019). A single appeal would "be far more efficient than [such] piecemeal litigation and arbitration." *Id.*; *Roberts v. AT&T Mobility*, 2016 WL 3476099, at *1 (N.D. Cal. 2016); *Champion v. Amazon.com*, 2019 WL 4345915, at *2 (N.D. Cal. 2019).

## CONCLUSION

This Court should grant reconsideration and deny Unlock's motion to compel arbitration. In the alternative, this Court should certify an interlocutory appeal.

RESPECTFULLY SUBMITTED AND DATED this 10th day of September, 2026.

GUPTA WESSLER LLP

*I certify that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.*

By: */s/Thomas Scott-Railton*
Thomas Scott-Railton, *Admitted Pro Hac Vice*
Email: thomas@guptawessler.com
GUPTA WESSLER LLP
1400 16th Street, NW, Suite 225
Washington, DC 20036
Telephone: (202) 888-1741

Jennifer D. Bennett, *Admitted Pro Hac Vice*
Email: jennifer@guptawessler.com
GUPTA WESSLER LLP
235 Montgomery Street, Suite 629
San Francisco, California 94104
Telephone: (415) 573-0336

TERRELL MARSHALL LAW GROUP PLLC

By: */s/ Blythe H. Chandler*
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com
Eleanor Eagan, WSBA #64463
Email: eeagan@terrellmarshall.com
1700 Westlake Avenue North, Suite 300

Seattle, Washington 98109
Telephone: (206) 816-6603

Umar I. Gebril, WSBA #58227
Email: umar@cascade.law
CASCADE LAW PLLC
2707 Colby Avenue, Suite 1420
Everett, Washington 98201
Telephone: (425) 998-8999

*Attorneys for Plaintiff and the Proposed Class*