The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEUNGJAE SEONG,<br><br>Plaintiff,<br><br>v.<br><br>UNLOCK PARTNERSHIP SOLUTIONS INC., a Delaware corporation,<br><br>Defendant. | No. 2:26-cv-01023-JLR<br><br>**DEFENDANT UNLOCK PARTNERSHIP SOLUTIONS INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**NOTE ON MOTION CALENDAR**:<br>OCTOBER 2, 2026 |



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF CONTENTS


**Pages**

I. INTRODUCTION .......... 4

II. LEGAL STANDARD .......... 4

III. ARGUMENT .......... 5

A. This Court should deny reconsideration because Plaintiff merely rehashes arguments already considered by the Court. .......... 5

B. This Court's ruling on delegation was correct, not manifestly erroneous. .......... 5

1. TILA .......... 6

2. Unconscionability .......... 7

C. There is no basis for certifying the order for interlocutory review. .......... 8

IV. CONCLUSION .......... 10




Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Attix v. Carrington Mortg. Servs., LLC*,
35 F.4th 1284 (11th Cir. 2022) .......... 7

*Bds. of Trs. of the Cement Masons & Plasterers Health & Welfare Tr. v. Concreteman, Inc.*,
2014 WL 1884496 (W.D. Wash. May 12, 2014) .......... 8

*Bielski v. Coinbase, Inc.*,
87 F.4th 1003 (9th Cir. 2023) .......... 6

*Blake v. JPMorgan Chase Bank, N.A.*,
2018 WL 2359307 (E.D. Pa. May 24, 2018) .......... 7

*Bloom v. ACT, Inc.*,
2019 WL 13603896 (C.D. Cal. Mar. 7, 2019) .......... 9

*Caremark, LLC v. Chickasaw Nation*,
43 F.4th 1021 (9th Cir. 2022) .......... 6

*Carrico v. Stillwater Ins. Co.*,
2024 WL 1973216 (W.D. Wash. May 3, 2024) .......... 5

*Cashmere Valley Bank v. Brender*,
146 P.3d 928 (Wash. 2006) .......... 8

*Coinbase Inc. v. Suski*,
602 U.S. 143 (2024) .......... 6

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010) .......... 9

*Hart v. Massanari*,
266 F.3d 1155 (9th Cir. 2001) .......... 6

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022) .......... 8

*Langere v. Verizon Wireless Servs., LLC*,
983 F.3d 1115 (9th Cir. 2020) .......... 9

*Ledcor Indus. (USA) Inc. v. Va. Sur. Co.*,
2012 WL 223904 (W.D. Wash. Jan. 25, 2012) .......... 5

*Lee v. Postmates*,
2019 WL 1864442 (N.D. Cal. Apr. 25, 2019) .......... 9

*McDowell v. Calderon*,
197 F.3d 1253 (9th Cir. 1999) .......... 6



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*O'Kell v. Haaland*,
2025 WL 43544 (E.D. Wash. Jan. 7, 2025) .......... 5

*Olsen v. Unison Agreement Corp.*,
2023 WL 4492346 (W.D. Wash. June 27, 2023) .......... 7

*Olson v. Unison Agreement Corp.*,
2025 WL 2254522 (9th Cir. Aug. 7, 2025) .......... 7

*Orubo v. Activehours, Inc.*,
826 F. Supp. 3d 1071 (N.D. Cal. 2026) .......... 5

*Pham v. Allstate Indem. Co.*,
2011 WL 6815606 (W.D. Wash. Dec. 28, 2011) .......... 5

*Pitera v. Asset Recovery Grp., Inc.*,
2022 WL 16744381 (W.D. Wash. Nov. 7, 2022) .......... 8

*Rapp v. NaphCare, Inc.*,
2023 WL 4443936 (W.D. Wash. June 23, 2023) .......... 5

*Reese v. BP Exp. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011) .......... 9

*Smith v. Spizzirri*,
601 U.S. 472 (2024) .......... 9

*Tadych v. Noble Ridge Constr. Inc.*,
519 P.3d 199 (Wash. 2022) .......... 8

*Veneziani v. Unison Agreement Corp.*,
2023 WL 4201961 (W.D. Wash. June 27, 2023) .......... 7

*Westside Prop. Owners v. Schlesinger*,
597 F.2d 1214 (9th Cir. 1979) .......... 5

*Zuver v. Airtouch Commc'ns, Inc.*,
103 P.3d 753 (Wash. 2004) .......... 8

**Statutes**

9 U.S.C. § 16 .......... 9

15 U.S.C. § 1639c(e)(1) .......... 7

15 U.S.C. § 1639c(e)(3) .......... 7

28 U.S.C. § 1292(b) .......... 4, 8, 9, 10

**Rules**

LCR 7(h)(1) .......... 4



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I. INTRODUCTION

There is no reason for this Court to reconsider its order compelling arbitration, Dkt. 24 ("Order"), or to certify that Order for immediate appeal under 28 U.S.C. § 1292(b).

Plaintiff's motion ("Mot." or "Motion") argues that this Court never expressly addressed his challenges to the parties' agreement to delegate arbitrability issues to the arbitrator.[1] But a court need not address every argument expressly, especially where its reasoning is clear. In any event, the Court got it right on the merits; its finding of unmistakable intent to delegate is required by binding precedent and is supported by the weight of other authority. (Plaintiff also admits his delegation arguments are "novel"—and a court cannot "*manifestly* err" on a novel issue.) As for Plaintiff's unconscionability challenges specifically, Unlock's arbitration reply, Dkt. 22 at 9-11, explains why the FSEA's delegation provision is not unconscionable, and Plaintiff ignores these arguments entirely—which defeats any claim of manifest error.

There are no grounds for certifying the Order, either. Section 1292(b) review is inappropriate where, as here, the appeal would be fact-bound, the entire weight of persuasive authority cuts against the party seeking review, and an immediate appeal would delay arbitration, with no offsetting efficiency.

This Court should deny the Motion so that the parties can proceed expeditiously to arbitration, as they agreed.

## II. LEGAL STANDARD

"Motions for reconsideration are disfavored" and require "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." LCR 7(h)(1). Plaintiff has shown neither here, and instead merely rehashes arguments from his initial opposition.

[1] Capitalized terms have the same meaning attributed to them in Unlock's Motion to Compel Arbitration, Dkt. 11.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## III. ARGUMENT

### A. This Court should deny reconsideration because Plaintiff merely rehashes arguments already considered by the Court.

When a motion for reconsideration "merely rehashes the same arguments already made and rejected by the Court," the motion "may be denied for this reason alone." *Ledcor Indus. (USA) Inc. v. Va. Sur. Co.*, 2012 WL 223904, at *1 (W.D. Wash. Jan. 25, 2012). That "the court did not consider [a party's] arguments" is not grounds for reconsideration where "[t]he court adequately addressed its reasoning" for its ultimate holding. *Pham v. Allstate Indem. Co.*, 2011 WL 6815606, at *1 (W.D. Wash. Dec. 28, 2011).

Plaintiff argues that the Court ignored his delegation challenges—in particular, his argument that "any delegation clause [in Unlock's contract] is itself unenforceable under federal and state law." Mot. 3. But the Order explains the Court's reasoning: it concluded that the FSEA delegated the question of arbitrability to the arbitrator "by incorporating the JAMS rules." Order 11-12. The Court could reach that conclusion only by finding a valid agreement that clearly and unmistakably delegates arbitrability—which meant implicitly rejecting Plaintiff's TILA- and unconscionability-based challenges to delegation. And the Court did not have to say why it rejected those arguments: "a district court does not have 'an obligation to address explicitly every point raised by the parties.'" *Orubo v. Activehours, Inc.*, 826 F. Supp. 3d 1071, 1075 (N.D. Cal. 2026) (quoting *Westside Prop. Owners v. Schlesinger*, 597 F.2d 1214, 1216 n.3 (9th Cir. 1979)).

### B. This Court's ruling on delegation was correct, not manifestly erroneous.

There was nothing manifestly wrong about the Court's arbitration ruling—to the contrary, that ruling faithfully applied circuit precedent. "A 'manifest error of law'" is the "wholesale disregard, misapplication, or failure to recognize controlling precedent on the part of the court." *O'Kell v. Haaland*, 2025 WL 43544, at *3 (E.D. Wash. Jan. 7, 2025) (citation omitted). The error must be "clear," *Carrico v. Stillwater Ins. Co.*, 2024 WL 1973216, at *1 (W.D. Wash. May 3, 2024), and there can be no such error where there is "uncertainty regarding the controlling law," *Rapp v. NaphCare, Inc.*, 2023 WL 4443936, at *2 (W.D. Wash. June 23, 2023).



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**1. TILA**

With respect to TILA and delegation, Plaintiff seeks reconsideration on two issues: (1) whether the Court was required to address Plaintiff's TILA-based arbitration arguments because they challenged delegation *specifically*, Mot. 2, and (2) "whether TILA's prohibition on terms requiring arbitration in residential mortgages encompasses delegation clauses." *See* Mot. 5.

The Court did not err (never mind *manifestly* err) on either question.

On the question whether Plaintiff's TILA arguments sufficiently challenged delegation such that the Court "must address" it, *see* Mot. 2, Plaintiff identifies no precedent establishing *any* error, never mind *manifest* error. Indeed, the Court's ruling is consistent with *Caremark, LLC v. Chickasaw Nation*, 43 F.4th 1021 (9th Cir. 2022). *Caremark* holds that where a party argues that a federal statute "displaces the arbitration provisions," that argument does not "impugn the validity of the delegation clauses specifically," and is therefore for the arbitrator to decide. *Id.* at 1033-34. That describes Plaintiff's TILA argument exactly, so it too is for the arbitrator. *See id.*

Neither *Coinbase Inc. v. Suski*, 602 U.S. 143 (2024), nor *Bielski v. Coinbase, Inc.*, 87 F.4th 1003 (9th Cir. 2023), compels a contrary conclusion—those cases did not involve a statutory challenge to arbitrability and delegation. *Caremark*, which Plaintiff's Motion ignores, is closer to the facts of this case and therefore governs the delegation inquiry here[2]—and under *Caremark*, it would have been improper for this Court to address a statutory argument reserved for the arbitrator. Even if *Suski* and *Bielski* called that aspect of *Caremark* into doubt—which they do not—that doubt is not a basis for seeking reconsideration. *See McDowell v. Calderon*, 197 F.3d 1253, 1256 (9th Cir. 1999) (en banc) ("debatable" question does not give rise to clear error).

As for the merits of his TILA argument, Plaintiff dooms his own Motion by admitting that his delegation arguments are "novel," turning on "textual arguments that no court has addressed." Mot. 6. "There can be no manifest error of law requiring reconsideration . . . when there is, in fact,

[2] *See Hart v. Massanari*, 266 F.3d 1155, 1172 (9th Cir. 2001) ("Courts occasionally must reconcile seemingly inconsistent precedents and determine whether the current case is closer to one or the other of the earlier opinions.").



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

no precedent." *Blake v. JPMorgan Chase Bank, N.A.*, 2018 WL 2359307, at *2 (E.D. Pa. May 24, 2018).

Every court to consider the question has held that nothing in TILA specifically forbids delegating arbitrability to the arbitrator. Judge Jones held in two cases involving similar arbitration agreements that "nothing within the Dodd-Frank Act prohibits who is empowered to decide arbitrability in the first instance." *Olsen v. Unison Agreement Corp.*, 2023 WL 4492346, at *2 (W.D. Wash. June 27, 2023) (finding the agreement unmistakably delegates "threshold issues to an arbitrator"); *Veneziani v. Unison Agreement Corp.*, 2023 WL 4201961, at *2 (W.D. Wash. June 27, 2023) (same). A district court in Texas reached the same conclusion, holding that "nothing in . . . either § 1639c(e)(1) or (e)(3)—bars the delegation of questions of arbitrability." *Baskin v. EK Real Est. Servs., NY, LLC*, 2022 WL 17742738, at *10 (E.D. Tex. Sept. 14, 2022). That Texas court followed the Eleventh Circuit, which concluded that Section 1639c(e)(3) of TILA did not "divest[] the arbitrator of his or her power to decide" gateway questions of arbitrability. *Attix v. Carrington Mortg. Servs., LLC*, 35 F.4th 1284, 1308 (11th Cir. 2022).

Thus, regardless of whether TILA bars the FSEA's arbitration agreement, nothing in the statute prevents the arbitrator from deciding that question.

The Ninth Circuit's unpublished decision (and vacated judgment) in *Olson v. Unison Agreement Corp.*, 2025 WL 2254522 (9th Cir. Aug. 7, 2025), does not show manifest error. *Olson* did not construe TILA or address arbitration. It construed a Washington statute and expressly declined to read that statute in lockstep with TILA, finding no indication that the two laws "should be interpreted consistently." *Id.* at *5.

**2. Unconscionability**

This Court concluded that "Mr. Seong objectively manifested assent and a valid arbitration agreement exists" and "it is clear that the arbitration provision of the FSEA delegates the arbitrability question to an arbitrator by incorporating the JAMS rules." Order 10-11. In doing so, it necessarily rejected Plaintiff's unconscionability arguments, as "[e]ither substantive or



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

procedural unconscionability is sufficient to void a contract." *Tadych v. Noble Ridge Constr. Inc.*, 519 P.3d 199, 202 (Wash. 2022) (citation omitted).

Unlock's reply supporting arbitration explains why the agreement to delegate arbitrability is not procedurally or substantively unconscionable. *See* Dkt. 22 at 9-11.[3] Plaintiff's Motion does not respond to Unlock's arguments, or explain why the Court would have "manifestly erred" by adopting them. The Court would be well within its discretion to conclude that Plaintiff's silence is "an admission that [Unlock's] argument has merit," *see Boards of Trustees of the Cement Masons & Plasterers Health & Welfare Trust v. Concreteman, Inc.*, 2014 WL 1884496, at *3 (W.D. Wash. May 12, 2014), and that adopting it was therefore not manifest error.

### C. There is no basis for certifying the order for interlocutory review.

Certification under 28 U.S.C. § 1292(b) is a "narrow exception" to the final judgment rule that should be "applied sparingly." *Pitera v. Asset Recovery Grp., Inc.*, 2022 WL 16744381, at *1 (W.D. Wash. Nov. 7, 2022). Plaintiff satisfies none of § 1292(b)'s three requirements.

First, there is no controlling question of law. To resolve any appeal, the Ninth Circuit would need to decide both whether the FSEA provides for a "residential mortgage loan" such that TILA's arbitration bar applies, ***and*** whether TILA somehow prohibits the arbitrator from deciding arbitrability. Whether an instrument provides for a "residential mortgage loan" is a fact-intensive inquiry, hardly the sort of pure question of law suitable for § 1292(b) review. *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1132 (9th Cir. 2022) (question of fact where analysis relies primarily "on facts from the record"); *cf. Cashmere Valley Bank v. Brender*, 146 P.3d 928, 930 n.5 (Wash. 2006) (determining purpose of the loan under TILA requires "factual analysis").

[3] In short, the FSEA's delegation provision is not procedurally unconscionable because Plaintiff has offered no evidence that he "lacked meaningful choice," or that he was subjected to undue pressure. *See Zuver v. Airtouch Commc'ns, Inc.*, 103 P.3d 753, 761 (Wash. 2004). And the provision is not substantively unconscionable, either, as the JAMS rules do not impose unconscionable constraints on Plaintiff. *See* Dkt. 22 at 9-11.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Second, there is no substantial ground for difference of opinion. As Plaintiff admits, his TILA arguments are "novel," and novelty alone is not a basis for certification. *See Couch v. Telescope Inc.*, 611 F.3d 629, 634 (9th Cir. 2010) ("question of first impression" is "insufficient"). Plaintiff cannot even show that "fair-minded jurists might reach contradictory conclusions," *Reese v. BP Exp. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011), as he cites no court cutting his way on whether TILA forbids delegating arbitrability. *See* p. 7, *supra*.

Finally, certification would not materially advance the ultimate termination of this litigation. It would instead stall arbitration and add a year or more of appellate proceedings before the merits of the parties' dispute can be adjudicated. Although the FAA guarantees interlocutory appeal of *denials* of arbitration motions, no appeal may be taken from orders *compelling* arbitration, with certification under § 1292(b) as the sole exception. *See* 9 U.S.C. § 16(a)-(b). This framework reflects Congress's deliberate policy choice "endeavor[ing] to promote appeals from orders barring arbitration and limit[ing] appeals from orders directing arbitration." *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1118 (9th Cir. 2020). Plaintiff's Motion offers no basis to depart from this presumption ***disfavoring*** interlocutory appeals from orders compelling arbitration. Instead, Plaintiff's request would directly undermine the FAA's purpose to "move the parties . . . into arbitration as quickly and easily as possible." *Smith v. Spizzirri*, 601 U.S. 472, 478 (2024) (citation omitted).

Cases like *Bloom v. ACT, Inc.*, 2019 WL 13603896 (C.D. Cal. Mar. 7, 2019), and *Lee v. Postmates*, 2019 WL 1864442 (N.D. Cal. Apr. 25, 2019), do not help Plaintiff on this prong, because the efficiencies that justified certification there are absent here. Plaintiff has offered no evidence that, absent an interlocutory appeal, "the arbitrators may make thousands of determinations regarding arbitrability and the merits that could ultimately be void if the Ninth Circuit later reverses." *Bloom*, 2019 WL 13603896, at *10; *Lee*, 2019 WL 1864442, at *4 ("more than twelve thousand arbitration demands"). Unlike in *Bloom* and *Lee*, an immediate appeal here would yield no collective efficiency.



Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## IV. CONCLUSION

This Court should deny reconsideration and certification under § 1292(b).

*I certify that this memorandum contains 2,089 words, in compliance with the Local Civil Rules.*

Goodwin Procter LLP
Attorneys for Unlock Partnership Solutions, Inc.

*/s/ Matthew S. Sheldon*
Matthew S. Sheldon, DC Bar No. 998754
(admitted pro hac vice)
1900 N Street, NW
Washington, DC 20036
Tel: (202) 346-4027
Email: MSheldon@goodwinlaw.com

Davis Wright Tremaine LLP
Attorneys for Unlock Partnership Solutions Inc.

*/s/ Xiang Li*
Fred B. Burnside, WSBA #32491
Xiang Li, WSBA #52306
Alec Zatirka, WSBA #63873
920 Fifth Avenue, Suite 3300
Seattle, WA 98104
Telephone: 206-622-3150
Email: fredburnside@dwt.com
xiangli@dwt.com
aleczatirka@dwt.com