THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SEUNGJAE SEONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>UNLOCK PARTNERSHIP SOLUTIONS INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:26-cv-01023-JLR<br><br>**REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, CERTIFICATION UNDER 28 U.S.C. § 1292(b)**<br><br>**<u>NOTE ON MOTION CALENDAR</u>**:<br>October 2, 2026<br><br>**ORAL ARGUMENT REQUESTED** |



**GUPTA WESSLER LLP**
**1400 16th Street NW**
**Suite 225**
**Washington, DC 20036**

**TABLE OF CONTENTS**

Argument ..... 1

I. Reconsideration is warranted because the August 27 order did not address Mr. Seong's express challenges to the delegation clause. ..... 1

II. Because the Court has not yet addressed Mr. Seong's challenges to the delegation clause's validity, it should consider them *de novo*. ..... 2

III. If this Court denies reconsideration, certification is warranted. ..... 3

Conclusion ..... 4



**GUPTA WESSLER LLP**
**1400 16th Street NW**
**Suite 225**
**Washington, DC 20036**

## ARGUMENT

### I. Reconciderationis warranted because the August 27 order did not address Mr. Seong's express challenges to the delegation clause.

Unlock is unable to dispute that Supreme Court and Ninth Circuit precedent require a court to address any specific challenge to a delegation clause before relying on that clause to compel arbitration. Nor can Unlock dispute that failing to decide a necessary issue is grounds for reconsideration. *See, e.g.*, *Tucker v. Brit. Airways*, 2017 WL 6389302, at *1 (W.D. Wash. 2017). So instead, Unlock asserts that the Court "implicitly reject[ed] Plaintiff's TILA- and unconscionability-based challenges to delegation" simply because it held that the contract's reference to the JAMS rules constitutes a delegation clause. Dkt.27 at 5.[1]

But whether a contract *contains* a delegation clause is a different question from whether that delegation clause is *valid* under federal or state law. *See, e.g.*, *Avery v. TEKsystems*, 165 F.4th 1219, 1233 (9th Cir. 2026) (holding incorporation of JAMS rules "clearly and unmistakably delegated the question of arbitrability," but granting federal-law challenge to "the validity of the delegation provision"). The order was clear that it answered only the first question: "[T]he arbitration provision of the [contract] delegates the arbitrability question to an arbitrator by incorporating the JAMS rules." Order at 11. "Therefore, the court concludes that the parties have delegated to the arbitrator the issue of whether Mr. Seong's claims are arbitrable, and *the court's analysis ends here*." *Id.* (emphasis added).

The rest of Unlock's arguments all stem from the premise that the order addressed Mr. Seong's challenges to the delegation clause's validity and rejected them. Dkt.27 at 5-8. Because that is inconsistent with the order's text, reconsideration should be granted and this Court should

[1] Unless noted, all quotation marks, citations, and alterations are omitted.



GUPTA WESSLER LLP
1400 16th Street NW
Suite 225
Washington, DC 20036

address those challenges in the first instance.[2]

## II. Because the Court has not yet addressed Mr. Seong's challenges to the delegation clause's validity, it should consider them *de novo*.

When this Court does so, it should consider Mr. Seong's challenges under the ordinary standard for motions to compel arbitration—not the reconsideration standard. When a court grants reconsideration because a prior order "failed to address" a necessary issue, it adjudicates that issue *de novo*. *Moore-Brown v. N. Las Vegas Police Dep't*, 2024 WL 2944251, at *2 (D. Nev. 2024) (adjudicating previously unaddressed issue "under the summary judgment standard"); *Tucker*, 2017 WL 6389302, at *1 (same for motion to dismiss); *Picciano v. Clark Cnty.*, 2022 WL 3346647, at *2 (W.D. Wash. 2022). This makes sense: When a prior order didn't address an argument, the party seeks initial consideration, not *re*-consideration.[3]

In any event, if this Court *had* held that Mr. Seong did not sufficiently challenge the delegation clause's validity, that *would* be manifest error. "[T]o sufficiently challenge a delegation provision, the party resisting arbitration must specifically reference the delegation provision and make arguments challenging it." *Bielski v. Coinbase*, 87 F.4th 1003, 1011 (9th Cir. 2023); *Coinbase v. Suski*, 602 U.S. 143, 151 (2024).

Contrary to Unlock's assertion, the prior decision in *Caremark* never held that—counter to Ninth Circuit and Supreme Court precedent—a challenge that otherwise satisfies this requirement is somehow deficient when the substance of the challenge is based in a federal statute. Indeed, *Bielski* forecloses Unlock's approach, expressly rejecting the rule from *Attix* (on which Unlock relies) that a court must "first evaluate the substance of the challenge" to a delegation clause before

---

[2] While Unlock argues courts need not address every argument if they "adequately address[] its reasoning," Dkt.27 at 5, the order didn't contain any reasoning as to these challenges.

[3] Unlock argues the motion for reconsideration just rehashes arguments made previously; it doesn't—it explains that the order didn't address those arguments.



**GUPTA WESSLER LLP**
**1400 16th Street NW**
**Suite 225**
**Washington, DC 20036**

addressing it. 87 F.4th at 1011. The problem in *Caremark* was that the plaintiffs' statutory challenge did not actually challenge the "authority to enforce the delegation clause." *Caremark v. Chickasaw Nation*, 43 F.4th 1021, 1034 (9th Cir. 2022) (explaining that the plaintiffs challenged only the agreement to arbitrate the merits as violating the statute, not the delegation clause). Adopting Unlock's rule disfavoring federal statutory challenges would be manifest error.

Unlock asserts Mr. Seong didn't show manifest error as to "the merits of his TILA" challenge to the delegation clause. Dkt.27 at 6. But Mr. Seong's point isn't that the Court manifestly erred in adjudicating the merits of these arguments; the error was *not* adjudicating them at all. And because the order never addressed those merits, they should be evaluated under the ordinary standard based on the arguments in his opposition to the motion to compel. The same goes for unconscionability. *Contra* Dkt.27 at 8.

That aside, it *would* be manifest error to accept Unlock's argument that TILA doesn't prohibit delegation. Unlock *still* makes no attempt to explain why the ordinary meaning of 15 U.S.C. § 1639c(e)(1) doesn't preclude enforcement of delegation clauses. Dkt.20 at 8; Dkt.25 at 3-4. And it would be "clear error" to "take an action that the plain text of the statute prohibits." *In re Mersho*, 6 F.4th 891, 901 (9th Cir. 2021).

## III. If this Court denies reconsideration, certification is warranted.

Unlock's brief only further shows why certification under 28 U.S.C. § 1292(b) would be warranted if the Court denies reconsideration.

*First*, a question is "'controlling i[f] th[e] resolution of the issue on appeal could materially affect the outcome of litigation in the district court,'" which includes "delegation question[s]" determining whether a "[c]ourt would be the proper place for certain threshold determinations rather than arbitration." *Bloom v. ACT*, 2019 WL 13603896, at *10-11 (C.D. Cal. 2019) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981)). Unlock claims that whether its



**GUPTA WESSLER LLP**
**1400 16th Street NW**
**Suite 225**
**Washington, DC 20036**

product is a residential mortgage loan is fact-based. But whether courts must address federal-statutory challenges to delegation and whether TILA bars delegation are legal questions controlling whether threshold challenges are resolved here or sent to potentially hundreds of arbitrators.

*Second*, as discussed above, adopting Unlock's arguments on these questions would—at the very least—offer substantial grounds for difference of opinion.

*Finally*, given the many putative class members, certification is more efficient than potentially hundreds of arbitrators adjudicating threshold challenges one-by-one, each one followed by a motion to confirm and appeal. Dkt.25 at 7-8 (compiling cases).

## CONCLUSION

This Court should grant reconsideration or certification.

RESPECTFULLY SUBMITTED AND DATED this 2nd day of October, 2026.

GUPTA WESSLER LLP

*I certify that this memorandum contains 1,050 words, in compliance with the Local Civil Rules.*

By: */s/ Thomas Scott-Railton*
Thomas Scott-Railton, *Admitted Pro Hac Vice*
Email: thomas@guptawessler.com
1400 16th Street NW, Suite 225
Washington, DC 20036
Telephone: (202) 888-1741

Jennifer D. Bennett, *Admitted Pro Hac Vice*
Email: jennifer@guptawessler.com
GUPTA WESSLER LLP
235 Montgomery Street, Suite 629
San Francisco, California 94104
Telephone: (415) 573-0336

TERRELL MARSHALL LAW GROUP PLLC

By: */s/ Blythe H. Chandler*
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com
Eleanor Eagan, WSBA #64463
Email: eeagan@terrellmarshall.com

1700 Westlake Avenue North, Suite 300
Seattle, Washington 98109
Telephone: (206) 816-6603

Umar I. Gebril, WSBA #58227
Email: umar@cascade.law
CASCADE LAW PLLC
2707 Colby Avenue, Suite 1420
Everett, Washington 98201
Telephone: (425) 998-8999

*Attorneys for Plaintiff and the Proposed Class*